```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

NATURE-TECH, LLC                :

                        :

   v.                            :   Civil Action No. DKC 19-2053

                        :

HARTFORD FIRE INSURANCE COMPANY,
et al.
                        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case stemming from a heavily litigated construction project is a motion filed by Defendant Mortensen Woodwork, also known as Capitol Woodwork, LLC, ("Capitol") to reconsider the previous order granting summary judgment in favor of Plaintiff Nature-Tech, LLC ("Nature-Tech") on Capitol's breach of contract counterclaim. (ECF No. 39).  The issues have been fully briefed, and the court now rules, no hearing being necessary.  Local Rule 105.6.  For the following reasons, the motion will be granted.

**I.  Background**

The factual background in this case is set out in a prior opinion.  (ECF No. 33); *Nature-Tech, LLC v. Hartford Fire Ins. Co.*, No. 19-cv-2053-DKC, 2022 WL 899417 (D.Md. Mar. 28, 2022).  As relevant here, Capitol hired Nature-Tech to fabricate millwork for a construction project at the Maryland Live! Casino in Hanover, Maryland and the companies entered into a Master Subcontractor

Agreement ("the Agreement").  (ECF No. 27-4).  The general contractor for the project, Tutor Perini Building Corporation ("Tutor Perini") ultimately terminated Capitol and Capitol refused to pay Nature-Tech's outstanding billings.  Nature-Tech filed a claim with Defendant Hartford Fire Insurance Company ("Hartford") against the payment bond that Capitol and Hartford had executed in performance of Capitol's contract with Tutor Perini.  Hartford approved Nature-Tech's claim in part and denied it in part.  (ECF No. 27-5).  Nature-Tech then filed this suit, asserting a single breach of payment bond claim for some of the claimed amounts that Hartford refused to pay.  (ECF No. 1).  Capitol asserted two counterclaims for breach of contract and tortious interference.  (ECF No. 9).

In July 2021, Nature-Tech moved for summary judgment on its breach of payment bond claim and Capitol's counterclaims.  (ECF No. 27; *see also* ECF Nos. 29; 30).  In March 2022, the court denied Nature-Tech's motion on its breach of payment bond claim and granted the motion on Capitol's counterclaims.  (ECF Nos. 33; 34).  On April 25, Capitol filed a motion to alter or amend the judgment entered on its breach of contract counterclaim.  (ECF No. 39).  Nature-Tech opposed and Capitol replied.  (ECF Nos. 40; 41).

**II. Standard of Review**

Capitol styles its motion as one to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).  However, Rule 59

applies only to orders that constitute final judgments. The court's order entering judgment in favor of Nature-Tech on Capitol's breach of contract counterclaim was interlocutory, or non-final, because it left Nature-Tech's breach of payment bond claim unresolved. Capitol's motion is properly construed as one for reconsideration of an interlocutory order under Rule 54(b). *See Carlson v. Boston Scientific Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (explaining that Rule 54(b) governs motions to consider partial summary judgment orders).

Chief Judge Bredar recently explained the standard of review under Federal Rule of Civil Procedure 54(b):

> Motions for reconsideration of interlocutory orders—meaning non-final orders issued during the course of litigation—"are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). "In considering whether to revise interlocutory decisions, district courts in this Circuit have looked to whether movants presented new arguments or evidence, or whether the court has obviously misapprehended a party's position or the facts or applicable law." *Cohens v. Md. Dep't of Human Res.*, 933 F.Supp.2d 735, 742–43 (D.Md. 2013) (internal quotation marks and citations omitted).

*Brown v. Frazier*, No. 21-1000-JKB, 2021 WL 2338827, at *1 (D.Md. June 8, 2021); *see also Carlson*, 856 F.3d at 325.

**III. Analysis**

Capitol argues that the court's order entering judgment against it on the breach of contract counterclaim was overbroad. It contends that Nature-Tech moved for summary judgment only on the breach of contract theory grounded in the Agreement's non-solicitation clause, and not the theory grounded in a different clause. (ECF No. 39-1, at 1). Capitol asserts that by entering judgment in Nature-Tech's favor for the entirety of the breach of contract counterclaim constituted a "[c]lear error or manifest injustice" because the court "patently misunderstood a party, [] made a decision outside the adversarial issues presented to the court, or [] made an error not of reasoning but of apprehension[.]" (ECF No. 39-1, at 2 (citation omitted)).

Capitol is correct that its breach of contract counterclaim incorporates two different alleged breaches, first of Article 10.2 regarding non-solicitation, and second, of Article 6.1 concerning the obligation to perform timely.  It is not clear whether these are separate, or overlapping, breaches.  Federal Rule of Civil Procedure 10(b) provides in part that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  It is also correct that the court misunderstood the scope of Nature-Tech's motion for summary judgment.

Count I of Capitol's counterclaims alleges two breach-of-contract theories. As noted above, one was for breach of the Agreement's non-solicitation clause. (ECF No. 9, ¶¶ 14-15). It also alleges, however, that Nature-Tech violated Article 6.1 of the Agreement. (*Id.*, ¶¶ 16-17). Article 6 is titled "Subcontractor Obligations" and Article 6.1 is titled "Performance of Agreement." (ECF No. 27-4, at 6). Under Article 6.1 Nature-Tech "acknowledges that [Capitol] is obligated to timely perform all of the Project Work under the Prime Contract, and that if Subcontractor causes delay or disruption to the overall Project Schedule, [Capitol] may incur damages." (*Id.*, at 6-7). "In such event, [Nature-Tech] agrees that it will be liable for all damages, costs, losses and expenses resulting directly or consequentially from its failure to meet the benchmarks set forth in the Project Schedule." (*Id.*, at 7).

Capitol alleges that Tutor Perini asserts $620,000 in backcharges against it "which appear to relate to millwork materials that Nature-Tech was to fabricate." (ECF No. 9, ¶ 11). It asserts that, "[t]o the extent [Tutor Perini's] backcharges are adjudicated to be proper, Nature-Tech [] materially breached the Subcontract by failing to fabricate and supply materials in accordance with the specifications and schedule in effect for the Project." (*Id.*, ¶ 17). The only factual support for this legal assertion is the allegation that "Nature-Tech refused on multiple

5

occasion to fabricate and supply materials as directed by Capitol." (*Id.*).

Nature-Tech did not move for summary judgment on Capitol's deficient performance theory, although it appears it believed that its motion addressed the entirety of Capitol's breach counterclaim.  In the section of its memorandum devoted to that claim, Nature-Tech stated that, "Capitol bases its Counterclaim for breach of contract on the "Non-Solicitation" provision of the [Agreement.]"  (ECF No. 27-1, at 12).  Nowhere in that section does it reference Capitol's allegations regarding Article 6.1.  However, it styled its motion as if it applied to the entirety of Capitol's counterclaims, (*see id.*, at 1), and it proposed an order entering judgment without limitation on Count I, (ECF No. 27-17, at 1).

Any allegedly deficient performance by Nature-Tech is raised in the parties' summary judgment papers almost exclusively in reference to Nature-Tech's payment bond claim for retainage payments.  Capitol's primary affirmative defense to that claim is that it continues to be entitled to withhold those payments from Nature-Tech because Tutor Perini's backcharges against Capitol are still being litigated.  (ECF No. 29-1, at 18-19).  Anticipating this defense, Nature-Tech argued that "defendants have not produced any evidence in discovery that Tutor Perini's refusal to release Capitol's retainage had any causal connection to any

6

deficiencies by Nature-Tech in the fabrication on the Project millwork." (ECF No. 27-1, at 11). In the Introduction section of its memorandum, Nature-Tech argued that Capitol and Hartford could "no longer rely on [such] vague allegations[.]" (*Id.*, at 2). But it did not expressly link these arguments to Capitol's breach counterclaim. Capitol did not either. And, as noted above, Capitol did not identify that Nature-Tech's non-solicitation arguments addressed only part of its Count I counterclaim. It almost seems as though Capitol forgot the basis for its breach counterclaim because it cited to Article 4.1 in support of its deficient-performance affirmative defense, rather than Article 6.1. (ECF No. 29-1, at 19).

Thus, the court's misunderstanding was facilitated by the parties' approach, which amounted to near abandonment by Capitol of its own claim. However, it remains the case that Nature-Tech simply did not move for summary judgment on the deficient-performance theory. Capitol may have felt that it did not need to address the theory. And, at bottom, Capitol's affirmative defense to Nature-Tech's payment bond claim overlaps almost entirely with its deficient-performance counterclaim. The court did not reach Capitol's affirmative defense at summary judgment because Nature-Tech did not even identify the amount of retainage it claimed. As a result, Capitol will present the defense at trial. There is little sense in barring it from presenting its counterclaim too.

7

Nature-Tech does not seriously grapple with the fact that it failed to move for summary judgment on the deficient performance theory of Capitol's breach counterclaim.  Instead, it essentially seeks to convert the motion to reconsider into one for summary judgment.  It invites the court in the alternative to reconsider its prior motion for leave to supplement its summary judgment briefing, which was denied as untimely.  The court declines Nature-Tech's invitation.

**IV. Conclusion**

For the foregoing reasons, Capitol's motion to reconsider will be granted.  A separate order will follow.  The parties should notify the court if anything in this order affects scheduling for the September bench trial.

                                                                                          /s/
                                            DEBORAH K. CHASANOW
                                            United States District Judge